IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TXCAT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-0344 |
| | § | |
| PHOENIX GROUP METALS, LLC, | § | |
| PHOENIX AUTOMOTIVE, LLC, | § | |
| CMS/MORRELL HOLDINGS, LLC, and | § | |
| JAY ROBIE, Individually, | § | |
| | § | |
| Defendants. | § | |

## <u>OPINION AND ORDER OF DISMISSAL</u>

Pending before the Court in the above referenced action, removed from the 125th Judicial District Court of Harris County, Texas on diversity jurisdiction and alleging libel, business disparagement, tortious interference with prospective business relations, and tortious interference with existing contract, are three interrelated motions: (1) Defendants Phoenix Group Metals, LLC, CMS/Morell Holdings, and Jay Robie's motion for summary judgment (instrument #5); (2) Defendants' motion for sanctions (#14) under Federal Rule of Civil Procedure 11; and (3) Plaintiff TXCAT's opposed motion for voluntary dismissal (#16) under Federal Rule of Civil Procedure 41.[1]

---

[1] Claims against Defendant Phoenix Automotive, LLC were dismissed by nonsuit on February 6, 2010 before this action was removed from state court. *See* Notice of Removal (#1), Ex. K.

-1-

## I.   Motion for Summary Judgment

### A.   Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 317, 323 (1986). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317, 325 (1986).

Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant meets its burden, the non-movant must then come forward with evidence such that a reasonable party could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.  The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'"  *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "A

factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).   Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).   Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).   Nor are pleadings competent summary judgment evidence.  *Little,* 37 F.3d at 1075; *Wallace v. Texas Tech. U.*, 80 F.3d 1042, 1045 (5th Cir. 1996).

**B.  Standing**

In diversity actions, state substantive law governs whether a party is a "real party in interest" with standing to sue.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)("Under the

*Eerie* doctrine federal courts sitting in diversity apply state substantive law and federal procedural law."); *Weyerheuser Co. v. Petro-Hunt, LLC*, Civ. A. No. 04-2177, 2006 WL 3543109, *3 W.D. La. Nov. 3, 2006)("The question of who may bring suit is a question answered by substantive law--in a diversity case, state substantive law.  This is not to say that standing in federal court is purely an issue of state law in a diversity case; rather, the role of state law is to identify, within federal constitutional limits, the persons who have legally protected interests and what those interests are."), *quoting In Re Asbestos Litigation*, 90 F.3d 963, 1022 n.71 (5th Cir. 1996)(Smith, J., dissenting), *abrogated on other grounds by Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

Standing is a component of a court's subject matter jurisdiction and cannot be waived.  *Nausler v. Coors Brewing* Co., 170 S.W. 3d 242, 248 (Tex. App.--Dallas 2005); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W. 2d 440, 446 (Tex. 1993).  The plaintiff bears the burden of pleading facts that standing existed at the time the lawsuit was filed in the trial court to establish the court's jurisdiction to hear the case.  *MD.Anderson Cancer Ctr. v. Novak*, 52 S.W. 3d 704, 708 (Tex. 2001); *Id.*  For standing there must be a breach of a legal right belonging to the plaintiff, who is thereby personally aggrieved.  *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W. 2d 659, 661 (Tex. 1996).  Whether a plaintiff has standing is a question of law for the court to

-4-

determine.  *A&W Indus., Inc. v. Day*, 997 S.W. 2d 738, 741 (Tex. App.--Fort Worth, 1998, no pet.).

**B.  Substantive Grounds**

Defendants argue that they are entitled to summary judgment as a matter of law because (1) Plaintiff did not legally exist when it filed this lawsuit,[2] nor on the date on which the complained of statements were published, nor does it today in the name under which it has sued,[3] and therefore it does not have standing to sue Defendants; and (2) because it did not legally exist Plaintiff was not an "ascertainable person" as required by the Texas libel statute[4] so it could not have suffered damages, and did not have

---

[2] #5, Ex. 1, Declaration of Amanda Bush, to which is attached Ex. A, results of search for "TXCAT" conducted on Texas Secretary of State's Website.

[3] #5, Ex. 1, Declaration of Amanda Bush, to which is attached Ex. B, results of business organizations inquiry and Certificate of Formation For-Profit Corporation for "TXCAT Converter Recycling, Inc.," obtained on the Texas Secretary of State's Website.  This company is not the Plaintiff here.  Moreover that entity was not incorporated until January 7, 2010, after the date this action was filed

[4] Texas Civil Practice & Remedies Code Ann. § 73.001 defines libel as follows:

> A libel is a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule . . . ."

To be actionable, a defamatory statement must be directed toward a plaintiff who is an ascertainable person.  *Vice v. Kasprzak*, 318 S.W. 3d 1, 12 (Tex. App.--Houston [1st Dist.] 2009), *citing Cox. Texas Newspapers, LP v. Penick*, 219 S.W. 3d 425, 433

existing contracts or a reasonable possibility of prospective contracts with which Defendants could have tortiously interfered, so all of Plaintiff's claims fail. Although in a defamation claim, damages may be presumed, for a business disparagement cause of action proof of special damages is an essential element of the plaintiff's claim, requiring the plaintiff to "establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales." *Hurlbut v. Gulf Atlantic Life Ins. Co.,* 749 S.W. 2d 762, 766-67 (Tex. 1987); *50-Off Stores, Inc. v. Paribas*, No. SA-95-CA-159, 1997 WL 790739, *5 (W.D. Tex. 1997). Since Plaintiff did not legally exist at the time the statements were allegedly made, it could not have suffered pecuniary loss. Plaintiff's tortious interference claim fails for the same reason because there were no existing contracts nor a reasonable probability that it would have entered into a contractual

---

(Tex. App.--Austin 2007), and *Newspapers, Inc. v. Matthews*, 339 S.W. 2d 890, 893 (Tex. 1960). Although the wording of the statute refers to an individual, the Texas Supreme Court has indicated that it was unable to find any authority for a claim of defamation of a business separate from defamation of the owner's business. *Newspapers, Inc. v. Matthews*, 339 S.W. 2d 890, 893 (Tex. 1960). The high court nevertheless opined that a corporation or a partnership could be libeled, but the defamation was of the owner of the corporation or partnership, whether the owner was an individual, a partnership or a corporation, and not of the business itself. *Id. See also 50-Off Stores, Inc. v. Banque* Paribas, No. SA-95-CA-159, 1997 WL 790739, *4 (W.D. Tex. May 20, 1997), *citing Newspapers, Inc.* 339 S.W. 2d at 893.; *Bell Publishing Co. v. Garrett Engineering Co.*, 141 Tex. 51, 170 S.W. 2d 197 (Tex. Com. App. 1943); *Langston v. Eagle Publ'g Co.*, 719 S.W. 2d 612, 618-19 (Tex. App.--Waco 1986, writ ref'd n.r.e.).

relationship with which Defendants could have tortiously interfered, nor could Plaintiff have suffered any actual damages or loss as a result.

Defendants' motion for summary judgment was filed on June 1, 2010. When Plaintiff failed to file a timely response, on July 26, 2010 the Court ordered TXCAT to file a response within seven days or the Court would assume that the motion was unopposed.[5]  #8. Plaintiff finally filed a response (#9) on October 26, 2010; it stated that Plaintiff was resolving the standing issue by filing a motion for leave to file an amended complaint (#9), with the

---

[5] The Court notes that a motion for summary judgment cannot be granted merely because no opposition has been filed, even though a failure to respond violates a local rule. *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), *citing John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion regardless of whether any response was filed. *Id., citing id.* at 708. A decision to grant summary judgment based only on default is reversible error. *Id.* Even despite the existence of a local rule that mandates that a failure to respond is a representation of nonopposition, as is the case here with Local Rule 7.4, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "Dismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Stearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 535 (5th Cir. 2006).

proposed pleading attached as Ex. 2, submitted by a Robert Flores d/b/a TXCAT ("Flores"), which for the first time identified the suit as brought by "Robert Flores Individually and d/b/a TXCAT, an unincorporated business at the time of the events leading up to this suit." Magistrate Judge Frances Stacy denied that motion for leave to amend because the deadline for amending pleadings had passed and because Plaintiff failed to show good cause for late amendment. #15.

This Court agrees with Defendants that if TXCAT lacks standing, even if TXCAT had filed a timely motion for leave to amend, the Court is not able to allow TXCAT to amend its complaint and to substitute a plaintiff with standing to create subject matter jurisdiction since the Court would have had no jurisdiction before the proposed amendment. Defendants have cited a number of cases for the logical proposition that a plaintiff who lacks standing may not amend a complaint to substitute a new plaintiff to cure the lack of jurisdiction because a plaintiff may not create jurisdiction by amendment where none currently exists. *See, e.g.,* *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999), *aff'd,* 252 F.3d 1320 (Fed. Cir. 2001); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981). The Court would also point to *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir.

-8-

2002)("[W]hereas [the original plaintiff] admittedly has not suffered injury in fact by the defendants, it had no standing to bring this action and no standing to make a motion to substitute the real party in interest,"); *Zangara v. Travelers Indemnity Co. of America*, No. 1:05CV731, 2006 WL 825231, *2-4 (N.D. Ohio Mar. 30, 2006)(concluding that plaintiff's "lack of standing precludes him from amending the complaint to substitute new plaintiffs" and "divests this Court of subject matter jurisdiction necessary to even consider such a motion"; "Plaintiffs may file a new lawsuit naming the proper plaintiffs"); *In re Spree.com Corp. (Tesler v. Certain Underwriters at Lloyd's London)*, 295 B.R. 762 (Bankr. E.D. Pa. 2003)(after plaintiff lacking standing invoked Fed. R. Civ. P. 17(a)[6] to substitute a plaintiff with standing in his stead, court opined that "'[i]t seems almost unnecessary to state that the Federal Rules of Civil Procedure cannot be used to expand the subject matter jurisdiction of the district courts.' . . . If Tesler had no constitutional standing to even enter the realm of

---

[6] In relevant part, at the time *Zurich Ins*. and *In re Spree.com Corp*. were decided, Rule 17(a) provided,

> Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

the federal courts, it stands *a fortiori* that he also lacks standing to invoke the procedural rules of that realm."), *quoting Glus v. G.C. Murphy Co.*, 562 F.2d 880, 886 (6th Cir. 2002) and *citing Zurich Ins.*, 297 F.3d at 531.  Moreover, in *Falise v. The American Tobacco Co.*, 241 F.R. 63, 65-66 (E.D.N.Y. 1999)(*quoting Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 831 (1989) and *citing Pressroom Unions-Printers*, 700 F.2d at 893), in discussing amendment under Fed. R. of Civ. P. 15 and 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts,"), the bankruptcy court clarified "the clear distinction between permitting the curing of technical defects in stating a basis for jurisdiction and providing of a jurisdictional basis where none previously existed":

> The district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect.  Courts can "remedy *inadequate jurisdictional allegations,* but not *defective jurisdictional facts.*" . . . In *Newman-Green*, the Supreme Court rejected an interpretation of section 1653 that "would empower federal courts to amend a complaint so as to produce [subject matter] jurisdiction where none actually existed before." . . . The reason for the limitation on the district court's power to authorize an amendment is apparent:  never having had power to act in the matter, the court *never* had authority to permit an amendment to the complaint. [emphasis in original]

241 B.R. at 65-66, *quoted and discussed by* the Fifth Circuit, *Whitmire v. Victus Limited T/A Master Design Furniture*, 212 F.3d 885, 888 (5th Cir. 2000)(concluding that district court was authorized to permit plaintiff to amend to assert diversity as an

alternative basis for subject matter jurisdiction over her state-law claims under § 1653 after the court granted summary judgment for defendant on plaintiff's federal claims).   For a general discussion of the issue *see* Judge Sandra J. Feuerstein, *Suit is Dismissed For Lack of Diversity Jurisdiction; Curative 'Time-Of-Filing' Exceptions Not Available*, 243 N.Y.L.J. 30 (Apr. 30, 2010).

## II.  Defendants' Motion for Sanctions

### A.  Reasons for the Motion

On November 10, 2010, Defendants filed a Rule 11 motion for sanctions (#14), complaining that Plaintiff had failed to file a substantive response to the motion for summary judgment despite both the Federal Rules of Civil Procedure and the Court's order and that Plaintiff filed an untimely motion to amend even though its lack of standing bars it from curing the standing problem through amendment.   Defendants ask for Rule 11 sanctions against Plaintiff's counsel or, alternatively, an award of applicable attorneys' fees and costs incurred by them in having to draft and file their motion for summary judgment, a reply brief, and a response to the untimely motion for leave to amend.[7]   Defendants

---

[7] The Court notes that Defendants do not request as sanctions the costs for responding to the Original Petition or First Amended Petition filed in Texas State Court before they removed the case, so Plaintiff did not have notice and an opportunity to address the issue of a reasonable pre-filing investigation for the allegations in those documents.   The Court recognizes that the Federal Rules of Civil Procedure "do not apply to filings in state court, even if the case is later removed to federal court."   *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *White v. BAC Home Loans Servicing,*

_LP_, No. 3:09-CV-2484-G, 2010 WL 4352711, *4 (N.D. Tex. Nov. 2, 2010).  Nevertheless, the Fifth Circuit has allowed the federal district courts to apply state law sanctions, _e.g._, Texas Rule of Civil Procedure 13, to filings made in state court, because otherwise, "nothing would govern the original pleadings in these cases and a party who filed in bad faith might escape any penalty. . . . In addition there is no concern in these situations that a court will be forced to choose between two conflicting sets of procedural rules."  _Id., citing Griffen v. City of Oklahoma City,_ 3 F.3d 336, 341 (10th Cir. 1993).  Texas Rule of Civil Procedure 13 offers a somewhat similar standard to that in Rule 11 for imposing sanctions:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed **after reasonable inquiry** the instrument is not groundless and brought in bad faith, or groundless and brought for the purpose of harassment.  Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt.  If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215 upon the person who signed it, a represented party, or both.

> Courts shall presume that pleadings, motions, and other papers are filed in good faith.  No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.  "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.  A general denial does not constitute a violation of this rule.  The amount requested for damages does not constitute a violation of this rule.

If this Court were to apply Rule 13 to the controlling First Amended Petition, Defendants would have to meet its requirements,

argue that Plaintiff's attorneys failed to conduct a reasonable pre-litigation investigation to determine whether Plaintiff had standing.

**B.  Relevant Law**

Federal Rule of Civil Procedure 11(c) requires that the party against whom sanctions are sought have notice and an opportunity to be heard, as Plaintiff has had to respond to Defendants' motion for sanctions.

Rule 11(b)(2)and (3) provides in relevant part,

> By presenting to the court a pleading, written motion or
> other paper--whether by signing filing, submitting, or
> later advocating it--an attorney or unrepresented party
> certifies that to the best of the person's knowledge,
> information and belief formed after an inquiry reasonable
> under the circumstances . . . [that] (2) the claims,
> defenses, and other legal contentions are warranted by
> existing law or by a nonfrivolous argument for extending,
> modifying, or reversing existing law or for establishing
> new law; [or] (3) the factual contentions have
> evidentiary support or, if specifically so identified,
> will likely have evidentiary support after a reasonable
> opportunity for further investigation or discovery . . .
> .

Rule 11(c)(2) states that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation" for failure to conduct a

---

*i.e.*, demonstrate to the Court that the specific pleading was groundless and brought either in bad faith or for purpose of harassment. *Tompkins*, 202 F.3d at 787.  Because Defendants have not requested sanctions for the petition filed in state court, however, the Court will not consider such an application.  Those documents for which Defendants seek sanctions were originally filed in this [federal] Court and are therefore subject to Rule 11.

reasonable pre-filing investigation to determine whether, under black letter Texas law, counsel and/or the firm's client had standing to sue these Defendants. *Worrell v. Houston Can! Academy*, 287 Fed. Appx. 320 (5th Cir. July 16, 2008)(affirming district court's ruling that an attorney and his law firm's conduct in failing to conduct a reasonable pre-filing investigation to determine whether a corporation was a proper defendant warranted a monetary sanction of reimbursement of attorney's fees to the injured party). Under the language of the current rule, Court has discretion whether to impose a sanction and what kind of sanction.

Rule 11(c)(4) provides,

A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

The goal of Rule 11 is to "curb[] abuses of the judicial system" and "to reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990); *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 870 (5th Cir. 1988). Therefore it requires attorneys to sign "[e]very pleading, written motion, and other paper" and to certify to the best of their

-14-

knowledge after an inquiry reasonable under the circumstances that
allegations and other factual contentions have evidentiary support.
Fed. R. Civ. P. 11(a),(b)(3); *Jenkins v. Methodist Hosps. of
Dallas, Inc.*, 478 F.3d 255, 263-64 (5th Cir.), *cert. denied*, 552
U.S. 825 (2007). Factors used to determine whether counsel, at the
time the paper was filed,[8] had made a "reasonable inquiry" include
time available for investigation, the feasibility of a pre-filing
investigation, the complexity of the factual and legal issues, and
the extent to which development of the factual circumstances
requires discovery. *Thomas*, 836 F.2d at 875-76.

The Fifth Circuit has adopted as "the basic principle
governing the choice of sanctions . . . that the least severe
sanction adequate to serve the purpose should be imposed." *Thomas*,
836 F.2d at 878.

The Advisory Committee Notes to the 1993 Amendments of Rule 11

---

[8] The Fifth Circuit further opined,

> As a practical matter, while the review
> of an attorney's conduct for Rule 11 purposes
> is isolated to the moment the paper is signed,
> virtually all suits will require a series of
> filings. This series of filings may indicate
> a pattern of attorney conduct of some
> consequence. On the other hand, one or more
> of the filings may indicate attorney conduct
> entirely different from that reflected by
> previous filings. In any event, Rule 11
> applies to each and every paper signed during
> the course of the proceedings and requires
> that each filing reflect a reasonable inquiry.

*Thomas*, 836 F.2d at 875.

-15-

are instructive here.   Emphasizing "the variety of possible sanctions" available to a judge, both monetary and nonmonetary, they recite that the court may properly consider such factors as "[w]hether the improper conduct was willful or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is need to deter that person from repetition in the same case; [and] what amount is needed to deter similar activity by other litigants."   In addition the Advisory Committee Notes expressly state about monetary sanctions,

> Since the purpose of Rule 11 sanctions is to deter rather than compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty.   However, under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party.   Any such award to another party should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement.

The Fifth Circuit has opined, "One benefit of monetary sanctions is

-16-

that they may be imposed exclusively against the attorney, thereby avoiding punishment of the client for attorney misconduct." *Thomas*, 836 F.2d at 977; *Worrell*, 287 Fed. Appx. at 326.

### III.  Plaintiff's Opposed Motion for Voluntary Dismissal

On November 30, 2010, Plaintiff filed an opposed motion for voluntary dismissal of its suit (#16), insisting that since it lacks standing, there could be no prejudicial effect on any of Defendants' legal arguments from a dismissal.  Moreover, the motion recited that "a new cause of action has been filed in state court with new plaintiffs, alleging similar cause of action against the same Defendants," against which Defendants will have the opportunity to defend.  Ex. A to #16.

### Court's Decision

Plaintiff has impliedly, if not expressly, conceded that it has lacked and still lacks standing to pursue the claims asserted here because it was not an incorporated entity or other legal entity at the time it filed suit, nor when the alleged libelous statements were made, nor during the proceedings in this action. The Court agrees with Defendants that as a matter of Texas law, Plaintiff has no standing to assert these claims against Defendants, and thus it cannot do so in the same capacity in Texas state court either.[9]

_____

[9] Plaintiff's proposed amended complaint now states that TXCAT was unincorporated at the time of the events leading up to this suit.  As noted, Tex. Civ. Prac. & Rem. Code Ann. § 73.001 bars

Moreover, once a defendant has moved for summary judgment, a plaintiff cannot withdraw its complaint as a matter of right under Rule 41(a)(1).

Nevertheless, as a threshold matter, the Fifth Circuit has made clear,

> A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction. When a court must dismiss a case for lack of jurisdiction the court should not adjudicate the merits of the claim. Since the granting of summary judgment is a disposition on the merits of the case, a motion for summary judgment is not the appropriate procedure for raising the defense of lack of subject matter jurisdiction.

*Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981)(citations omitted), *cited for the same proposition by Hix v. United States Army Corps of Engineers*, 155 Fed. Appx. 121, 128 (5th Cir. Nov. 16, 2005). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to a court is that of announcing the fact and dismissing the cause.'" *Hix,* 155 Fed. Appx. at 137, *quoting Steele Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94 (1868), *quoting Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1968). Accordingly this Court construes Defendants' motion for summary

---

application to a business other than a corporation or partnership, in particular one that does not legally exist. *Id.* (a corporation or a partnership may be libeled), *citing Bell Publishing Co. v. Garrett Engineering Co.*, 141 Tex. 51, 170 S.W. 2d 197 (Tex. Com. App. 1943); *Langston v. Eagle Publ'g Co.*, 719 S.W. 2d 612, 618-19 (Tex. App.--Waco 1986, writ ref'd n.r.e.).

-18-

judgment as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  A dismissal under Rule 12(b)(1) is without prejudice.  *Sepulvado v. Louisiana Bd. of Pardons and Parole*, 113 Fed. Appx. 620, 622 (5th Cir. Nov. 5, 2004).

Because Rule 12(b)(1) applies, the Court summarizes the applicable standard of review.  In reviewing a motion under Rule 12(b)(1), the court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The burden of proof is on the party asserting jurisdiction, the plaintiff.  *Ramming v, United States*, 281 F.3d 158, 161 (5th Cir. 2001); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).  The Court has ruled here on the basis of the complaint and undisputed facts evidenced in the record, in particular in the Declarations of Amanda Bush, TXCAT's failure to controvert the challenge to its standing, and its implied agreement it lacks standing in its motion for leave to amend.  Here  TXCAT has not met its burden of proof on standing and jurisdiction, but has remained silent about standing.

The Court notes that there is a key difference between review of a motion under Rule 12(b)(1) versus review of a motion under Rules 12(b)(6) or 56:

> [A]t issue in a factual 12(b)(1) motion is the trial
> court's jurisdiction--its very power to hear the case--
> there is substantial authority that the trial court is
> free to weigh the evidence and satisfy itself as to the
> existence of its power to hear the case.  In short, no
> presumptive truthfulness attaches to plaintiff's
> allegations, and the existence of disputed material facts
> will not preclude the trial court from evaluating for
> itself the merits of the jurisdictional claims. . . . It
> is elementary that a district court has broader power to
> decide its own right to hear the case than it has when
> the merits of the case are reached.   Jurisdictional
> issues are for the court--not the jury--to decide,
> whether they hinge on legal or factual determinations.

*Williams v. Tucker*, 645 F.2d at 412-13.

The Court concludes that the uncontroverted record establishes that Plaintiff has no standing to bring the claims in this suit against Defendants.

The Court further finds that monetary sanctions, in the form of fees and expenses incurred in Defendants' preparation and filing of their Reply (#12) and their motion for sanctions (#14), should be imposed on Plaintiff's counsel and law firm because of their violation of Rule 11.  Here Plaintiff's counsel had adequate time before filing the Original Petition on 12/21/09, not to mention the First Amended Petition on 2/03/10, in state court to conduct a reasonable investigation as to whether Plaintiff was legally a cognizable Texas corporation or business at the time the suit was filed and at the time the challenged statements were made; the Declarations of Amanda Bush demonstrate not only how feasible, but how easy it was to discover the answer online by searching the Texas Secretary of State's Website, readily available to the

-20-

public.  #1, Exs. B, J and A.  The issue of corporate status is not a complicated factual or legal question, especially when the entity is purportedly your own client.

Defendants request Rule 11 sanctions for having had to file their motion for summary judgment to challenge the naming of TXCAT as a proper Plaintiff in the Original and First Amended Petitions filed in state court.  As noted, the failure to do a reasonable investigation before the filing of these documents would need to be reviewed under Texas Rule of Civil Procedure 13.  *See* footnote 6 of this Opinion and Order.  The Court further observes that Defendants' Original Answer filed in state court (#1, Ex. J) did not identify or give notice to Plaintiff of the standing issue; its vague affirmative defenses included only one possible red flag, "fails to state a claim upon which relief could be granted."  #1, Ex. J, ¶ 2.  In their motion Defendants have not asked to have sanctions imposed under Texas Rule of Civil Procedure 13 for Plaintiff's filing of the Petitions, nor have they satisfied the Texas procedural rule by showing that Plaintiff's counsel brought the suit either in bad faith or for purpose of harassment. *Tompkins*, 202 F.3d at 787.  Therefore the Court does not impose sanctions on Plaintiff or its counsel for Defendants' preparation and filing of the motion for summary judgment, in which they raised the standing issue for the first time.

Rule 11 mandates that a motion for sanctions "must not be

filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).  Here, Defendants' motion for summary judgment raising the standing issue was filed on June 1, 2010; as noted Plaintiff failed to file a timely response.  On July 26, 2010 the Court admonished Plaintiff to file a response within seven days or the Court would consider the motion unopposed (#8).  Plaintiff failed to file a response until October 26, 2010 (#9) and then that response failed to address the substantive issue; instead it stated that to resolve the standing issue quickly, it was filing an opposed motion for leave to amend (#10) and the proposed complaint (*Id.*, attachment #2).  Plaintiff did not file its motion to dismiss the case voluntarily until November 30, 2010 (#16), after Defendants had filed a reply to Plaintiff's response to the motion for summary judgment and a motion for sanctions.  While Defendants do not argue that counsel's conduct was malicious or willful, when the standing issue was initially raised in the motion for summary judgment, Plaintiff did not timely concede that it was not a cognizable legal Texas entity and  move to dismiss the case; instead its counsel prolonged the litigation by about six months in delaying responses and moving for leave to amend.

　　While there is no evidence of bad faith or improper purpose in

counsel's failure to perform a reasonable investigation initially or to concede within a reasonable time that Plaintiff lacked standing to bring suit and dismiss the action, there were repeated delays and increased costs for Defendants in this litigation, both before the filing of Plaintiff's untimely and futile motion for leave to amend the complaint to "cure" the standing problem and Plaintiff's even more untimely motion to dismiss for the purpose of allowing it to pursue an already-filed second suit, but with a proper Plaintiff, in state court.   The Court concludes that imposition of sanctions of attorney's fees and costs for services incurred by Defendants in preparing and filing (1) their reply supporting their motion for summary judgment, now construed as a motion to dismiss pursuant to Rule 12(b)(1), and (2) their motion for sanctions is warranted.

It is established law that a district court has jurisdiction to impose Rule 11 sanctions even where it has dismissed a case because of lack of jurisdiction or a plaintiff has filed a notice of voluntary dismissal under Rule 41(a)(1).   *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1993); *Cooter & Gell*, 496 U.S. at 394 (holding that "district courts may enforce Rule 11 even after the plaintiff has filed a notice of [voluntary] dismissal under Rule 41(a)(1)")[10]; *Ratliff v. Stewart*, 508 F.3d 225 (5th Cir. 2007);

---

[10] In *Gell*, the Supreme Court reasoned, "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action.

-23-

*Fleming & Associates v, Newby*, 529 F.3d 631,637 (5ᵗʰ Cir. 2008).
Thus the Court will now dismiss this action pursuant to Rule
12(b)(1) because it lacks jurisdiction base on Plaintiff's lack of
standing, but retain jurisdiction to determine the appropriate
amount of fees and costs as Plaintiff's counsel's Rule 11 sanction.

Accordingly the Court

ORDERS that Defendants' motion for to dismiss for lack of
subject matter jurisdiction (#5) is GRANTED without prejudice.
Plaintiff's motion for dismissal (#16) under Rule 41(a)(2) is
MOOT.    The Court further

ORDERS that Defendants' motion for sanctions (#14) is GRANTED.
Counsel for Defendants shall submit within twenty days a specific
request for fees and expenses incurred in preparing and filing
their reply supporting the motion for summary judgment and their
motion for sanctions, supported by affidavit and any relevant time
records, and complying with *Johnson v. Georgia Highway Express,
Inc.*, 488 F.2d 714 (5ᵗʰ Cir. 1974).   Plaintiffs shall file any
objections within seven days of receiving that motion.

---

Rather, it requires  the determination of a collateral issue:
whether the attorney has abused the judicial process, and, if so,
what sanction would be appropriate. . . . Such a determination may
be made after the principal suit has been terminated." 496 U.S. at
396.

**SIGNED** at Houston, Texas, this 14th day of December , 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE